# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
### MILWAUKEE DIVISION

| | |
|---|---|
| BRANKO PRPA MD LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>BLUE CROSS BLUE SHIELD OF WISCONSIN, doing business as, collectively, ANTHEM BCBS OF WISCONSIN, ANTHEM BLUE CROSS AND BLUE SHIELD, COMPCARE HEALTH SERVICES INSURANCE CORPORATION, and WISCONSIN COLLABORATIVE INSURANCE COMPANY,<br><br>and<br><br>ANTHEM INSURANCE COMPANIES, INC., doing business as, collectively, ANTHEM BCBS OF WISCONSIN, ANTHEM BLUE CROSS AND BLUE SHIELD, COMPCARE HEALTH SERVICES INSURANCE CORPORATION, and WISCONSIN COLLABORATIVE INSURANCE COMPANY,<br><br>        Defendants. | Case No. |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF WISCONSIN, MILWAUKEE DIVISION AND TO ALL PARTIES

AND THEIR ATTORNEYS OF RECORD:

Please take notice that Defendants Blue Cross Blue Shield of Wisconsin and Anthem

Insurance Companies, Inc., (collectively as "Anthem", or "Defendants") hereby remove this action

from the State of Wisconsin Racine County Circuit Court to the United States District Court for

the Eastern District of Wisconsin, pursuant to 28 U.S.C. §§ 1331 and 1441.  Removal is proper

because this Court has subject matter jurisdiction over this action under federal question jurisdiction pursuant to 28 U.S.C. § 1331, federal officer removal 28 U.S.C. § 1442, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). Accordingly, Anthem removes this action and, in addition, states the following:

## I.  BACKGROUND

On or about June 17, 2026, Plaintiff Branko PRPA MD LLC ("Plaintiff") filed a Complaint against Anthem in the State of Wisconsin Racine County Circuit Court Case No. 2026CV000882 (the "State Court Action").

On June 18, 2026, Anthem was served with the Complaint and Summons in the State Court Action.

Plaintiff attached an unredacted Claims Spreadsheet to the Complaint, which allowed Anthem to begin investigating and identifying the information in its own database related to claims submitted by Plaintiff. *See* Declaration of Matthew P. Holm dated July 20, 2026 ("Holm Decl"). at ¶ 3. *See also* Declaration of Amanda L. Mraz dated July 16, 2026 ("Mraz Decl.").

After reviewing the Claims Spreadsheet, Anthem became aware that at least 7 of the claims pertain to members with health plans governed by the Employee Retirement Income and Security Act of 1974 ("ERISA"). *See* Holm Decl. at ¶ 4.; Mraz Decl. at ¶ 4. Anthem also became aware that at least one claim pertains to a member with a health plan governed by Federal Employee Health Benefits Act, 5 U.S.C. Ch. 89 ("FEHBA"). *See* Holm Decl. at ¶ 4; Mraz Decl. at ¶ 4. Anthem is continuing to review and attempt to locate information related to the claims on the Claims Spreadsheet and anticipates that additional claims will be identified that are subject to ERISA or FEHBA.

Accordingly, Anthem timely files this Notice of Removal on July 20, 2026, which is within 30 days of when Anthem was first informed through its own research that at least some of the claims at issue in the Complaint were covered by ERISA and FEHBA, and thus ascertained that the case is removable.  28 U.S.C. § 1446(b)(3).

2

In accordance with 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders from the State Court Action are collectively attached hereto as **Exhibit A**. Upon information and belief, no other related process, pleadings, or orders have been served upon Anthem.

All named defendants consent and join in this removal. 28 U.S.C. § 1446(b)(2)(A).In accordance with 28 U.S.C. § 1446(d), a copy of Anthem' Notice of Filing of Notice of Removal is being filed contemporaneously with the Clerk of the Circuit Court of the State of Wisconsin for the County of Racine (*see* **Exhibit B**).

In accordance with 28 U.S.C. § 1446(d), Anthem is also contemporaneously serving this Notice of Removal on all adverse parties.

## II. VENUE

Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district corresponding to the place where the State Court Action is pending. Specifically, Plaintiff filed this action in the State of Wisconsin Racine County Circuit Court (*see* Ex. A), which is located within the Eastern District of Wisconsin. Therefore, this action may be removed to this Court.

## III. GROUNDS FOR REMOVAL

### A. Federal Question Jurisdiction – ERISA  Complete Preemption

ERISA governs "any employee benefit plan . . . established or maintained . . . by any employer engaged in commerce or in any industry or activity affecting commerce[.]" 29 U.S.C. § 1003(a)(1). An "employee benefit plan" is any "plan, fund, or program . . . established or maintained by an employer or by an employee organization . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . medical, surgical, or hospital care or benefits, or benefits in the event of sickness[.]" *Id.* at § 1002(1). The health plans covering a significant number of the members at issue in Plaintiff's complaint

3

constitute "employee benefit plans" governed by ERISA because they were established to provide medical, surgical, or hospital care benefits to employees.

Federal courts have original jurisdiction over all cases that arise under federal law, 28 U.S.C. § 1331, and such cases are explicitly within this Court's removal jurisdiction. *See* 28 U.S.C. § 1441(b) (courts have removal jurisdiction for any action in which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States).

The doctrine of complete preemption confers jurisdiction pursuant to 28 U.S.C. § 1331, which provides that the district court has original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 29 U.S.C. § 1132(a); *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207–08 (2004) ("[W]hen the federal statute completely preempts the state-law cause of action, a claim which comes within the scope of that same cause of action, even if pleaded in terms of state law, is in reality based on federal law: ERISA is one of these statutes." (internal quotations and citations omitted). Under this doctrine, Plaintiff's state law causes of action are entirely encompassed by § 502(a) of ERISA, 29 U.S.C. §1132(a), and therefore, those claims are converted into federal claims for purposes of the well-pleaded complaint rule. *Id.*

ERISA § 502(a), 29 U.S.C. § 1132(a), provides the exclusive cause of action for violations of ERISA, displacing state law claims. *Id.* Although ordinarily a complaint is removable to federal court where federal question jurisdiction exists on the face of the complaint, the Supreme Court has held that there is an exception, "when a federal statute wholly displaced the state-law cause of action through complete preemption." *Davila*, 542 U.S. at 207. Under the complete preemption doctrine, a defendant can remove a plaintiff's state law claim because the state law claim, "even if pleaded in terms of state law, is in reality based on federal law." *Id.* In *Davila*, the Supreme Court established a two-step text to determine if a Plaintiff's state-law claim is preempted by ERISA: a state-law claim is completely preempted (1) "if an individual, at some point in time, could have brough his claim under" ERISA's expansive civil enforcement mechanism ERISA § 502(a)(1)(B),

4

29 U.S.C. § 1132(a)(1)(B), and (2) "where there is no other independent legal duty that is implicated by a defendant's actions." *Davila*, 542 U.S. at 210. As explained further below, Plaintiff's state law claims satisfy that test.

Here, although Plaintiff asserts state law causes of action, the Complaint attempts to adjudicate rights that are properly characterized as claims under ERISA. The first element of the *Davila* test is satisfied because Plaintiff seeks to recover benefits under the ERISA-governed health plans, which an individual, at some point in time, could have brought under ERISA § 502(a)(1)(B). Specifically, Plaintiff alleges it "obtain[ed] prior authorization from Anthem before performing procedures for Defendant's members," "submitted those claims for reimbursement through Anthem's billing system" and then received payment directly from Anthem in the approximate amount of $75,000. Compl. ¶¶ 9, 13 ("Anthem has paid Plaintiff less than $75,000 in total reimbursements for those 22 procedures."). These allegations make clear that Plaintiff "could have brought its claims under ERISA because its right to additional compensation flows exclusively from [the member's] participation in the plan." *University of Wisconsin Hosp. and Clinics Authority v. Southwest Catholic Health Network Corp*., No. 14-cv-780-jdp, 2015 WL 402739 at *4 (W.D. Wisc. Jan. 28, 2015) ("As defendants succinctly state, "the Plan covered the Patient, [the provider] treated the Patient, [the provider] submitted a claim to the Plan, and the Plan paid part and denied the remainder of that claim. [The provider] now challenges defendants partial denial of benefits, and ERISA governs this dispute."); *Id*. at *4-5 (denying providers motion to remand as both Davila prongs were met).

The second element in *Davila* is also satisfied because Plaintiff's state law claims require interpretation of the ERISA plans' terms and seek to enforce those obligations, not any independent duties, and can only be resolved through a determination of coverage, which is an ERISA-based dispute. *Id*. at *5; Compl. ¶¶ 9, 13..

Although Plaintiff attempts to "plead around" ERISA, Plaintiff's "artful pleading" is insufficient to alter ERISA's preemptive force. *See Cleghorn v. Blue Shield of California*, 408 F.3d 1222, 1226 (9th Cir. 2005) ("[a]rtful pleading does not alter the potential for this suit to

frustrate the objectives of ERISA"); *see also Studer v. Katherine Shaw Bethea Hospital*, 867 F.3d 721, 724-27 (7th Cir. 2017) (affirming denial motion to remand due to ERISA completely preempting state law claims despite Plaintiff's artful attempts to plead around ERISA); *University of Wisconsin Hosp. and Clinics Authority*., 2015 WL 402739 at *2. Again, Plaintiff's causes of action are predicated on purported violations of its ERISA-governed health plans and policies, and recovery of benefits thereunder.

Accordingly, removal is proper under 28 U.S.C. § 1441 as federal question jurisdiction exists under 28 U.S.C. § 1331, because ERISA completely preempts Plaintiff's breach of contract cause of action as they relate to claims for services rendered to subscribers with ERISA-governed health plans.

### C. Federal Officer Removal

This action is removable to this District Court under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), because Plaintiff has sued Anthem for actions taken under color of federal law while acting under the direction of the Office of Personnel Management ("OPM") or Centers for Medicare and Medicaid Services ("CMS"), an agency within the United States Department of Health and Human Services.

Plaintiff seeks additional payments from Anthem for services Plaintiff purportedly provided to at least one enrollee of an FEHB plan administered by Anthem. Anthem operates certain health plans pursuant to contracts with the CMS and OPM. Anthem contracts with OPM to administer FEHB plans and carry out OPM's duties in their respective loyalties. 5 U.S.C. § 8902(a); *see also Coventry Health Care of Mo., Inc., v. Nevils*, 581 U.S. 87, 90 (2017).

The federal officer removal statute permits the United States, its agencies, its officers, and "any person acting under that officer" to remove a civil action to federal court. 28 U.S.C. § 1442(a)(1). The Seventh Circuit recently confirmed carriers of FEHB plans are "acting under" a federal officer. *Ray v. Tabriz*, 110 F.4th 949, 956 (7th Cir. 2024) ("BCBSA was 'acting under' a federal agency—OPM."); *see also Goncalves by and through Goncalves v. Rady Children's Hospital San Diego et al.*, 865 F.3d 1237, 1256 (9th Cir. 2017) ("FEHBA carriers [like] the Blues

6

acted under a federal officer for purposes of the federal officer removal statute, and thus the action was properly removed to federal court.")

"Under the federal officer removal statute, suits against federal officers may be removed despite the nonfederal cast of the complaint; the federal-question element is met if the defense depends on federal law." *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 431 (1999); *see also Ray*, 110 F.4th at 956 (holding that removal was proper under the federal officer removal statute where the plaintiff sued the defendant for acts performed under the discretion of the federal government). "[T]he words 'acting under' are broad, and the Supreme Court has 'made clear that the statute must be liberally construed.'" *Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1245 (9th Cir. 2017) (citation omitted).

Anthem was operating under the color of a federal officer for all claims related to FEHB plans, and thus under the federal officer removal statute, removal of this action to this Court is proper. 28 U.S.C. § 1442(a)(1).

### C.      Supplemental Jurisdiction

Further, once removed, this Court has supplemental jurisdiction over any "other claims that . . . form part of the same case or controversy," including Plaintiff's state law claims under statute and common law and may determine all issues raised in the Complaint. 28 U.S.C. § 1367(a); *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 165 (1997).

## IV.      RESERVATION OF RIGHTS

Anthem denies the allegations contained in Plaintiff's Complaint and files this Notice of Removal without waiving any defenses, objections, exceptions, and/or obligations that may exist in its favor in either state or federal court.

Further, Anthem does not concede in any way that (i) Plaintiff has asserted a claim upon which relief can be granted, (ii) that Plaintiff has standing to bring the claim, and/or (iii) that recovery of any of the amounts sought is authorized or appropriate.

Anthem also reserves the right to amend or supplement this Notice of Removal.  Further, to the extent any questions arise as to the propriety of the removal of the State Court Action,

7

Anthem expressly requests the opportunity to present a brief, oral argument and any further evidence necessary in support of its position that this action is removable.

WHEREFORE, in accordance with the authorities set forth above, Anthem hereby removes this action from the Circuit Court of the State of Wisconsin for the County of Racine to the United States District Court for the Eastern District of Wisconsin, and requests such other and further relief as the Court deems appropriate and just.

Dated: July 20, 2026

*/s/ Matthew P. Holm*

Matthew P. Holm
WI State Bar No. 1124529
*Attorney for Defendants Blue Cross Blue Shield of Wisconsin and Anthem Insurance Companies, Inc.*
Troutman Pepper Locke, LLP.
111 South Wacker Drive, Suite 4100
Chicago, IL 60606
Telephone: 312.252.6320
E-mail: Matthew.Holm@troutman.com

8

<h1 style="text-align:center"><u>CERTIFICATE OF SERVICE</u></h1>

I hereby certify that on July 20, 2026, a copy of the foregoing *Notice of Removal* was served

on the following via email:

Patrick M. Harvey
HUSCH BLACKWELL LLP
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Telephone: 414.273.2100
Email: patrick.harvey@huschblackwell.com

*Attorney for Plaintiff Branko PRPA MD LLC*

*/s/ Matthew P. Holm*
Matthew P. Holm

9