# EXHIBIT A

# Racine County Case Number 2026CV000882 Branko Prpa MD LLC vs. Blue Cross Blue Shield of Wisconsin et al

## Case summary

| Filing date | Case type | Case status |
|---|---|---|
| 06-17-2026 | Civil | Open - Electronic filing |

| Class code description | Responsible official | Branch ID |
|---|---|---|
| Personal Injury/Automobile | Paulson, David W. | 6 |

### Party summary

| Party type | Party name | Party status |
|---|---|---|
| Plaintiff | Branko Prpa MD LLC | |
| Defendant | Blue Cross Blue Shield of Wisconsin | |
| Defendant | Anthem Insurance Companies, Inc | |

## Parties

### Plaintiff: Branko Prpa MD LLC

| Date of birth | Sex | Race |
|---|---|---|

**Address (last updated 06-18-2026)**
7200 Washington Avenue, Suite 101, Mount Pleasant, WI 53406 US

**Attorneys**

| Attorney name | Guardian ad litem | Entered |
|---|---|---|
| Harvey, Patrick M | No | 06-18-2026 |

### Defendant: Blue Cross Blue Shield of Wisconsin

| Date of birth | Sex | Race |
|---|---|---|

**Address (last updated 06-18-2026)**
N17 W24222 Riverwood Drive, Suite 300, Waukesha, WI 53188 US

**Also known as**

| Name | Type | Date of birth |
|---|---|---|
| ANTHEM BCBS OF WISCONSIN | Doing business as | |
| ANTHEM BLUE CROSS AND BLUE SHIELD | Doing business as | |
| COMPCARE HEALTH SERVICES INSURANCE CORPORATION | Doing business as | |
| WISCONSIN COLLABORATIVE INSURANCE COMPANY | Doing business as | |

**Defendant: Anthem Insurance Companies, Inc**

| Date of birth | Sex | Race |
| --- | --- | --- |

**Address (last updated 06-18-2026)**
220 Virginia Avenue, Indianapolis, IN 46204 US

**Also known as**

| Name | Type | Date of birth |
| --- | --- | --- |
| ANTHEM BCBS OF WISCONSIN | Doing business as | |
| ANTHEM BLUE CROSS AND BLUE SHIELD | Doing business as | |
| COMPCARE HEALTH SERVICES INSURANCE CORPORATION | Doing business as | |
| WISCONSIN COLLABORATIVE INSURANCE COMPANY | Doing business as | |

---

## Court record

| Date | Event | Court official | Court reporter | Amount |
| --- | --- | --- | --- | --- |
| 07-06-2026 | Summons and complaint<br>**Additional text:**<br>Re-filed summons and complaint - Unsealed | | | |
| 07-01-2026 | Notice of assignment of judge | | | |
| 07-01-2026 | Order assigning judge/judicial assignment order | Paulson, David W. | | |
| 06-30-2026 | Application for specific judicial assign approved | Gasiorkiewicz, Eugene A. | | |
| 06-30-2026 | Order<br>**Additional text:**<br>Order for Substitution of Judge<br>It is Hereby Ordered That:<br>1. The Honorable Eugene A Gasiorkiewicz is substituted out of this case.<br>2. The Clerk of Circuit Court for Racine County shall randomly reassign this case to another branch of this Court. | Gasiorkiewicz, Eugene A. | | |
| 06-29-2026 | Proposed Order<br>**Additional text:**<br>Proposed - Order for Substitution of Judge | | | |
| 06-29-2026 | Request for substitution<br>**Additional text:**<br>Plaintiff's Request for Substitution of Judge | | | |

| Date | Event | Court official | Court reporter | Amount |
|---|---|---|---|---|
| 06-24-2026 | Affidavit/Declaration of Service<br>**Additional text:**<br>Anthem Insurance Companies Inc, c/o CT Corporation System through Barb Dejongh, c.s.r. | | | |
| 06-24-2026 | Affidavit/Declaration of Service<br>**Additional text:**<br>Blue Cross Blue Shield of Wisconsin, c/o CT Corporation System through Barb Dejongh, c.s.r. | | | |
| 06-19-2026 | Order on motion to seal/redact court record<br>**Additional text:**<br>The Court Orders:<br>The motion to<br>1. seal the requested information is granted for the reasons set forth in this motion. The clerk shall seal the following information:<br>Exhibit 1 to the Plaintiff's Complaint<br>The original document was titled: Summons and Complaint<br>The original history event date is: 06-17-2026 | | | |
| 06-18-2026 | Prop Order to Seal or Redact Court Record | | | |
| 06-18-2026 | Motion to seal/redact court record<br>**Additional text:**<br>Motion to Seal or Redact Information in the Court Record | | | |
| 06-18-2026 | Conf disclosure of info to be sealed/redacted | | | |
| 06-17-2026 | Filing fee paid<br>**Additional text:**<br>Adjustment Number: 26A 487941,<br>Payable Number: 557883,<br>Receipt Number: 26R 005753Z,<br>Amount: $300.50 | | | $300.50 |
| 06-17-2026 | Case initiated by electronic filing | | | |
| 06-17-2026 | Summons and complaint | | | |

## Service of Process Transmittal Summary

**TO:** Pam Williams
Elevance Health, Inc.
220 VIRGINIA AVE
INDIANAPOLIS, IN 46204-3709

**RE:** **Process Served in Wisconsin**

**FOR:** ANTHEM INSURANCE COMPANIES, INC. (Domestic State: IN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | BRANKO PRPA MD LLC vs. BLUE CROSS BLUE SHIELD OF WISCONSIN |
| **DOCUMENT(S) SERVED:** | Notice(s), Summons, Complaint, Exhibit(s), Disclosure, Motion, Order, First Set Of Interrogatories and Request |
| **COURT/AGENCY:** | RACINE COUNTY - CIRCUIT COURT, WI<br>Case # 2026CV000882 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, Madison, WI |
| **DATE/METHOD OF SERVICE:** | By Process Server on 06/18/2026 at 13:41 |
| **JURISDICTION SERVED:** | Wisconsin |
| **APPEARANCE OR ANSWER DUE:** | Within 45 days of receipt |
| **ATTORNEY(S)/SENDER(S):** | Patrick M. Harvey<br>HUSCH BLACICWELL LLP<br>511 North Broadway, Suite 1100<br>Milwaukee, WI 53202<br>414-273-2100 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/19/2026, Expected Purge Date: 06/24/2026<br><br>Image SOP<br><br>Email Notification, Kristine Gorman gormakr@ad.wellpoint.com<br><br>Email Notification, Pam Williams Pam.Williams@anthem.com<br><br>Email Notification, Michelle Kersey michelle.kersey@wellpoint.com<br><br>Email Notification, Sandra Reno-Simpson sandra.reno@elevancehealth.com<br><br>Email Notification, John Nicholson john.nicholson@wellpoint.com<br><br>Email Notification, Sandi Smith sandi.smith@elevancehealth.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>301 S. Bedford Street<br>Suite 1<br>Madison, WI 53703 |

8775647529
MajorAccountTeam2@wolterskluwer.com

**REMARKS:** The documents received have been modified to reflect the name of the entity being served.

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

# PROCESS SERVER DELIVERY DETAILS

**Date:** Thu, Jun 18, 2026
**Server Name:** Drop Service

| | |
|---|---|
| Entity Served | Anthem Insurance Companies, Inc. |
| Case Number | 2026cv000882 |
| Jurisdiction | WI |

| Inserts | | |
|---|---|---|
| | | |

FILED
06-17-2026
Clerk of Circuit Court
Racine County
2026CV000882
Honorable Eugene A. Gasiorkiewicz
Branch 2

**STATE OF WISCONSIN** **CIRCUIT COURT** **RACINE**

BRANKO PRPA MD LLC vs. BLUE CROSS BLUE SHIELD OF WISCONSIN et al

**Electronic Filing Notice**

Case No. 2026CV000882
Class Code: Personal Injury/Automobile

ANTHEM INSURANCE COMPANIES, INC.
220 VIRGINIA AVENUE
INDIANAPOLIS IN 46204

Case number 2026CV000882 was electronically filed with/converted by the Racine County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 45a910**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 262-636-3333.

Racine County Circuit Court
Date: June 18, 2026

PROCESS SERVER

6/18/26 1200PM

DATE / TIME

**FILED**
**06-17-2026**
**Clerk of Circuit Court**
**Racine County**
**2026CV000882**
**Honorable Eugene A. Gasiorkiewicz**
**Branch 2**

**STATE OF WISCONSIN CIRCUIT COURT RACINE COUNTY**

*For Official Use:*

BRANKO PRPA MD LLC
7200 Washington Avenue, Suite 101
Mount Pleasant, WI 53406

Plaintiff,

v.

BLUE CROSS BLUE SHIELD OF WISCONSIN, , doing business as, collectively, ANTHEM BCBS OF WISCONSIN, ANTHEM BLUE CROSS AND BLUE SHIELD, COMPCARE HEALTH SERVICES INSURANCE CORPORATION, and WISCONSIN COLLABORATIVE INSURANCE COMPANY
N17 W24222 Riverwood Drive, Suite 300
Waukesha, WI 53188,

Case No. _______

Case Codes: 30301, 30303, 30106

and

ANTHEM INSURANCE COMPANIES, INC., doing business as, collectively, ANTHEM BCBS OF WISCONSIN, ANTHEM BLUE CROSS AND BLUE SHIELD, COMPCARE HEALTH SERVICES INSURANCE CORPORATION, and WISCONSIN COLLABORATIVE INSURANCE COMPANY
220 Virginia Avenue
Indianapolis, IN 46204

Defendants.

## SUMMONS

STATE OF WISCONSIN:

To each person named above as a Defendant:

You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within 45 days of receiving this, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the Court, whose address is Racine County Clerk of Circuit Court, 730 Wisconsin Avenue, 8th Floor, Racine, WI 53403, and to Husch Blackwell LLP, Plaintiff's attorneys, whose address is 511 North Broadway, Suite 1100, Milwaukee, WI 53202. You may have an attorney help or represent you.

If you do not provide a proper answer within 45 days, the Court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future and may also be enforced by garnishment or seizure of property.

Dated at Milwaukee, Wisconsin this 17th day of June, 2026.

**HUSCH BLACKWELL LLP**

*Attorneys for Plaintiff,*

By: *Electronically signed by Patrick M. Harvey*
Patrick M. Harvey
State Bar No. 1059695
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Telephone: (414) 273-2100
Facsimile: (414) 223-5000
patrick.harvey@huschblackwell.com

FILED
06-17-2026
Clerk of Circuit Court
Racine County
2026CV000882
Honorable Eugene A. Gasiorkiewicz
Branch 2

**STATE OF WISCONSIN CIRCUIT COURT**
**RACINE COUNTY**

*For Official Use:*

BRANKO PRPA MD LLC
7200 Washington Avenue, Suite 101
Mount Pleasant, WI 53406

Plaintiff,

v.

BLUE CROSS BLUE SHIELD OF WISCONSIN, doing business as, collectively, ANTHEM BCBS OF WISCONSIN, ANTHEM BLUE CROSS AND BLUE SHIELD, COMPCARE HEALTH SERVICES INSURANCE CORPORATION, and WISCONSIN COLLABORATIVE INSURANCE COMPANY
N17 W24222 Riverwood Drive, Suite 300
Waukesha, WI 53188,

and

ANTHEM INSURANCE COMPANIES, INC., doing business as, collectively, ANTHEM BCBS OF WISCONSIN, ANTHEM BLUE CROSS AND BLUE SHIELD, COMPCARE HEALTH SERVICES INSURANCE CORPORATION, AND WISCONSIN COLLABORATIVE INSURANCE COMPANY
220 Virginia Avenue
Indianapolis, IN 46204

Defendants.

Case No. _______

Case Codes: 30301, 30303, 30106

**COMPLAINT**

NOW COMES Plaintiff, Branko Prpa MD LLC ("Plaintiff"), and as and for its Complaint against Defendants, Blue Cross Blue Shield of Wisconsin and Anthem Insurance Companies, Inc., both doing business as Anthem BCBS of Wisconsin, Anthem Blue Cross and Blue Shield of Wisconsin, Compcare Health Services Insurance Corporation, and Wisconsin Collaborative

Insurance Company (these entities all operate under the Anthem banner and are referenced collectively as "Anthem" or "Defendant"), alleges and shows unto the Court as follows:

## INTRODUCTION

Plaintiff brings this lawsuit to recover underpayments related to necessary medical care that Plaintiff, through its principal, Branko Prpa, M.D. ("Dr. Prpa"), provided to Defendant's members. Despite engaging in all of Anthem's required processes and procedures for providing out-of-network services, engaging and exhausting all available remedies, and fully participating in all available dispute resolution procedures, both through Anthem and through an independent process where available, Anthem refuses to pay Plaintiff for critical surgery services that Dr. Prpa provided to Anthem's members. Plaintiff is therefore forced to file this lawsuit to recover the money Defendant owes for necessary medical services.

## PARTIES

1. Plaintiff is a Wisconsin limited liability company, with its principal place of business located at 7200 Washington Avenue, Suite 101, Mount Pleasant, Wisconsin 53406.

2. Upon information and belief, Defendant, Blue Cross Blue Shield of Wisconsin: (a) is registered as a corporation in Wisconsin; (b) has its principal place of business located at N17 W24222 Riverwood Drive, Suite 300, Waukesha, WI 53188; (c) practices substantial business in Wisconsin; (d) can be served with process through its registered agent in Wisconsin, CT Corporation System, 301 South Bedford Street, Suite 1, Madison, Wisconsin, 53703; and (e) does business as Anthem BCBS of Wisconsin, Anthem Blue Cross and Blue Shield of Wisconsin, Compcare Health Services Insurance Corporation, and Wisconsin Collaborative Insurance Company.

3. Upon information and belief, Defendant, Anthem Insurance Companies, Inc.: (a) is

registered as a corporation in Indiana; (b) has its principal place of business located at 220 Virginia Avenue, Mail Point IN0205-A335, Indianapolis, IN 46204; (c) practices substantial business in Wisconsin; (d) can be served with process through its registered agent in Wisconsin, CT Corporation System, 301 South Bedford Street, Suite 1, Madison, Wisconsin, 53703; and (e) does business as Anthem BCBS of Wisconsin, Anthem Blue Cross and Blue Shield of Wisconsin, Compcare Health Services Insurance Corporation, and Wisconsin Collaborative Insurance Company.

## JURISDICTION AND VENUE

4. Plaintiff re-alleges and incorporates by reference its allegations from Paragraphs 1 through 3, above.

5. Pursuant to Wis. Const. art. VII § 8 and Wis. Stat. § 801.04(1), this Court has subject matter jurisdiction over this dispute.

6. Pursuant to Wis. Stat. § 801.05(1), (3), (4), and/or (5), Anthem is subject to personal jurisdiction in this Court.

7. Pursuant to Wis. Stat. § 801.50(2), venue is proper in Racine County, because it is the county where the claims arose, because Defendants do substantial and not isolated activities and business within Racine County, including, but not limited to, doing substantial business with Plaintiff while Plaintiff was located in and operating in Racine County, and because, for times relevant to this dispute, Plaintiff was doing business in Racine County. Anthem also committed fraudulent acts aimed at Racine County.

## FACTUAL BACKGROUND

8. Dr. Prpa has practiced medicine for 30 years, and has performed over 5,000 spinal surgeries, many of those for Anthem's members. Dr. Prpa provides services for the most difficult

cases, where patients have been unable to receive care because of the severity of their injuries, or when necessary to revise previous work performed by others. Dr. Prpa's extensive training, research, and experience often make him the only provider able to address the needs of patients suffering from debilitating pain and other maladies. However, Anthem refuses to acknowledge the unique nature and value of the services that Dr. Prpa provides to Anthem members.

9. Dr. Prpa is not a network provider with Defendant, but instead obtains prior authorization from Anthem before performing procedures for Defendant's members.

10. Over the past several years, Defendant has engaged in systemic efforts to underpay, or outright refuse to pay, for Dr. Prpa's services, and the services of providers affiliated with Dr. Prpa's practice. Defendant's efforts have devolved into an intentional trap, where Dr. Prpa relied on Anthem's prior authorizations, and believed in good faith that he was providing services and that Defendant would, in turn, reimburse Plaintiff, but time and again, Defendant rejected the invoices and refused to pay Plaintiff.

11. At times, Anthem has attempted to force Dr. Prpa into the procedures outlined in the "No Surprises Act" ("NSA"), and disregarded Dr. Prpa's compliance with the terms of the law, and its enactment by various regulatory authorities. At other times, Defendant has outright rejected, or unfairly reduced, its proposed compensation in its explanation of benefits ("EOB") and related remittances, or lack thereof. Dr. Prpa has followed all necessary procedures outlined in the NSA, and has engaged in all applicable administrative processes. However, Defendant repeatedly refuses to pay for the services that Dr. Prpa provided to Defendant's members.

12. Anthem wrongfully engages in those practices despite Dr. Prpa's efforts to clear, in advance, all issues with Anthem and his patients in order to ensure, before proceeding, that all parties are and were fully informed of the nature of the services and the substantial need for them.

And yet, the Anthem machine continuously ignored its promises and representations, and instead hid behind a shield of paperwork and processes. Inevitably, that game had only one result: Anthem refusing to pay Dr. Prpa what he is owed for providing highly-specialized treatment for patients who were in need.

13. Over the past several years, Dr. Prpa has performed at least 22 procedures, at a cost of approximately $3 million, for Anthem's members, and submitted those claims for reimbursement through Anthem's billing system, while following all applicable procedures. And yet, Anthem has paid Plaintiff less than $75,000 in total reimbursement for those 22 procedures. Despite Plaintiff's appeals, protests, and engagement, in good faith, in all Anthem and Independent Dispute Resolution ("IDR") processes, Anthem has refused to pay the amounts billed for those procedures.

14. Because of Plaintiff's inability to receive a meaningful resolution of these issues, on May 8, 2026, Plaintiff sent a letter to Anthem demanding the remaining outstanding balance plus interest, costs, and attorneys' fees from Defendant as full payment for services. Neither Anthem nor its counsel have responded substantively to that demand.

15. Given Anthem's tactics and actions, Dr. Prpa would be fully justified in refusing to provide any additional services for Anthem's members. However, because patients in the community often have no other option for relief from their debilitating conditions, and many of them are commonly experiencing the worst situation of their lives, Dr. Prpa continues to provide services, notwithstanding Anthem's blatant disregard for its members, and its obligations to them and their providers.

16. Anthem's flagrant disregard for the value of Dr. Prpa's work and, more significantly, the value and relief that Anthem's members receive, unfortunately leaves Dr. Prpa

with no choice but to seek judicial remedies for the remaining underpayments on all claims, which are fully known to Anthem and have been repeatedly enumerated, appealed, and ultimately ignored by Anthem. The specific details of those claims are not provided in full in the unsealed portion of this Complaint because doing so would require the public disclosure of Protected Health Information, but has been provided to Defendant by certified mail before Plaintiff filed this Complaint, and is being filed as **Exhibit 1** to the Complaint under seal, with a copy served on Defendant's registered agent along with the Summons and Complaint. And, of course, Anthem is already fully aware of all relevant details related to the claims at issue, and has records of them.

**FIRST CAUSE OF ACTION: QUANTUM MERUIT**

17. Dr. Prpa re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

18. Recovery under quantum meruit is founded on an implied contract to provide reasonable compensation for services performed. *See, e.g.*, *Ramsey v. Ellis*, 168 Wis. 2d 779, 784, 484 N.W.2d 331 (1992). To establish the existence of an implied contract under a theory of quantum meruit, the plaintiff must demonstrate that: (1) the defendant requested the plaintiff's services; (2) the plaintiff performed; and (3) that the plaintiff provided those services with a reasonable expectation of compensation. *Theuerkauf v. Sutton*, 102 Wis. 2d 176, 306 N.W.2d 651 (1981).

19. Dr. Prpa provided services for the most difficult cases, where patients were unable to receive care because of the severity of their situation, or when they needed revisions to work that others previously performed. Dr. Prpa's extensive training, research, and experience often made him the only provider able to address the needs of patients suffering from debilitating pain and other maladies. Defendant was aware of that, because Dr. Prpa frequently performed spinal

surgeries on Defendant's members, and Dr. Prpa obtained prior authorization from Anthem before performing those procedures. Dr. Prpa also otherwise complied with Anthem's process and demands.

20. Because Dr. Prpa is not a network provider for Defendant, he had no obligation to provide for the medical care of Anthem's members. However, on at least 22 occasions, Dr. Prpa rendered valuable medical services to Defendant's insureds, and conferred a direct benefit on Defendant by completing necessary, covered medical treatment for Defendant's members.

21. Defendant accepted the benefits of Dr. Prpa's services, because Dr. Prpa only performed them after obtaining prior authorization, and Defendant processed the claim through its administrative and payment systems, thereby evidencing a request for, and acceptance of, Dr. Prpa's services.

22. That same pattern and practice extended to the full range of claims at issue. Anthem already has all of the information related to those claims in its own records, because Dr. Prpa has engaged in all of Anthem's required processes related to them. Plaintiff also provided a full listing of the claims at issue, dates of services, and amounts in controversy separately to Defendant, and will provide such information again in this action.

23. Dr. Prpa provided the services with a reasonable expectation of compensation from Defendant. The reasonable value of the services that Dr. Prpa rendered to Defendant's insureds is at least $3,056,344. And yet, Anthem has only reimbursed Plaintiff $73,653 for those services. Anthem's failure to reimburse Plaintiff leaves Plaintiff with unpaid damages of at least $2,982,691, not counting interest or other costs. Anthem must pay Dr. Prpa all amounts outstanding.

24. In short, Defendant is liable for quantum meruit because: (1) Defendant requested and accepted Dr. Prpa's services for its insureds; and (2) Dr. Prpa provided those services only

after Anthem approved the procedures, and therefore left Dr. Prpa with a reasonable expectation of compensation.

25. Anthem has failed to pay Dr. Prpa for the full value of his services.

26. Defendant must make Dr. Prpa whole for the value of his services, which is the amount of the remaining unpaid balances, at least $2,982,691, because Anthem's retention of those amounts is inequitable and unjust.

**SECOND CAUSE OF ACTION: BREACH OF IMPLIED CONTRACT**

27. Dr. Prpa re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

28. Under Wisconsin law, an enforceable contract requires: (1) an agreement between the parties; (2) manifested by their conduct; (3) supported by consideration. *Watts v. Watts*, 137 Wis. 2d 506, 405 N.W.2d 303 (1987); *Ramsey*, 168 Wis. 2d at 784.

29. For medical procedures such as those at issue, the prior authorization process involves a structured exchange that involved the following steps: (1) Dr. Prpa submitted clinical information and a request for authorization; (2) Anthem reviewed the submission, confirmed coverage and medical necessity, and issued an authorization number; (3) in reliance on that authorization, Dr. Prpa then rendered services to Anthem's members. That course of dealing – which was repeated across multiple patients and encounters – established an implied agreement that Anthem would pay for the services that it authorized Dr. Prpa to perform.

30. Dr. Prpa provided services for the most difficult cases, where patients were unable to receive care because of the severity of their situation, or when they needed revisions to work that others previously performed. Dr. Prpa's extensive training, research, and experience often made him the only provider able to address the needs of patients suffering from debilitating pain

and other maladies. Defendant was aware of that, because Dr. Prpa frequently performed spinal surgeries on Defendant's members, and Dr. Prpa obtained prior authorization from Anthem before engaging in those procedures. Dr. Prpa also otherwise complied with Anthem's process and demands.

31. The parties therefore had a valid, enforceable, implied contract.

32. Despite the parties' implied contract, Anthem has breached, by failing to perform its obligations to pay Dr. Prpa the amounts required for his services.

33. Dr. Prpa has been damaged by Anthem's breach.

34. Defendant must make Dr. Prpa whole for the value of his services, which is the amount of the remaining unpaid balances, at least $2,982,691.

**THIRD CAUSE OF ACTION: UNJUST ENRICHMENT (IN THE ALTERNATIVE)**

35. Dr. Prpa re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

36. In the unlikely event that Anthem is not found liable for breaching the parties' contract, then, in the alternative, Anthem is still liable to Plaintiff under the unjust enrichment doctrine.

37. Unjust enrichment occurs when one party confers a benefit on another, the defendant appreciates or has knowledge of the benefit, and acceptance or retention of the benefit under the circumstances makes it inequitable for the defendant to refuse to pay for the benefit. *See, e.g.*, *Puttkammer v. Minth*, 83 Wis. 2d 686, 266 N.W.2d 361 (1978).

38. Dr. Prpa conferred a benefit upon Anthem by treating at least 22 of Anthem's members, for whose medical treatment Anthem was obligated to pay, because the members paid Anthem substantial premiums to cover medical treatments such as those at issue.

39. Defendant had knowledge of those benefits directly and explicitly through the services having been provided by Dr. Prpa, and through prior authorization process with Plaintiff.

40. Defendant received substantial premium payments that it was unjustly and illegally able to retain, by not paying Dr. Prpa for the full value of the services that he performed.

41. Defendant accepted and retained those benefits without providing just compensation to Dr. Prpa, which now creates inequity by Anthem's retention of that benefit.

42. Dr. Prpa suffered actual damages as a result of Defendant's unjust retention of those benefits in the amount of at least $2,982,691.

**FOURTH CAUSE OF ACTION: PROMISSORY ESTOPPEL (IN THE ALTERNATIVE)**

43. Dr. Prpa re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

44. In the unlikely event that Anthem is not found liable for breaching the parties' contract, then, in the alternative, Anthem is still liable to Plaintiff under the promissory estoppel doctrine.

45. Promissory estoppel includes the following elements: (1) a promise that the promisor should reasonably expect to induce action or forbearance; (2) actual reliance on the promise; and (3) injustice can be avoided only by enforcement. *See, e.g.*, *Hoffman v. Red Owl Stores, Inc.*, 26 Wis. 2d 683, 133 N.W.2d 267 (1965).

46. Even after Defendant provided prior authorization for the services at issue, and then allowed its members to receive the substantial benefit of Dr. Prpa's services, Defendant then nevertheless forced Plaintiff to engage in appeals and the IDR process rather than paying Plaintiff.

47. By issuing prior authorization, Anthem made a promise that it would cover the authorized services.

48. Dr. Prpa reasonably relied on that promise by providing the services.

49. Anthem's refusal to pay after Dr. Prpa had already performed the services created the precise injustice that promissory estoppel is designed to remedy.

50. As a result of Defendant's promise that the services would be covered, Dr. Prpa provided surgery to members of Anthem, to the members' benefit and to the benefit of Anthem.

51. Injustice can only be avoided by fully compensating Dr. Prpa for his services.

52. Plaintiff has been damaged by Anthem forcing him into an abusive process to frustrate and delay any payments, and then again by Anthem ultimately failing to provide the appropriate amount of payment for the services that Dr. Prpa rendered.

53. Dr. Prpa suffered actual damages as a result of Defendant's actions in the amount of at least $2,982,691.

**FIFTH CAUSE OF ACTION: VIOLATION OF WIS. STAT. § 628.46 – TIMELY PAYMENT OF CLAIMS**

54. Dr. Prpa re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

55. Wisconsin's timely-payment Statute requires insurers to "promptly pay every insurance claim." A claim is overdue if not paid within 30 days after the insurer receives written notice of a covered loss and the amount of loss. The Statute imposes 12% simple annual interest on overdue payments. *See* Wis. Stat. § 628.46(1); *Kontowicz v. American Standard Ins. Co. of Wis.*, 290 Wis. 2d 302, 714 N.W.2d 105 (2006). The insurer must have "reasonable proof that it was not responsible for payment," which generally means the coverage must be fairly debatable. *See Froedtert Memorial Lutheran Hospital, Inc. v. National States Ins. Co.*, 317 Wis. 2d 54, 765 N.W.2d 251 (2009).

56. For the procedures at issue, Anthem gave prior authorization, meaning there is no debate about the coverage applicable.

57. In the context of its malicious actions, Anthem should be held to account under the timely payment Statute, and required to pay not only all outstanding claims, but also required to pay 12% interest on the overdue amounts.

58. Dr. Prpa suffered damages because of Defendant's actions in refusing to pay the full value of the 22 claims previously provided to Defendant by certified mail, and Plaintiff demands full reimbursement and interest on all underpaid amounts, which increase by the day.

## SIXTH CAUSE OF ACTION: BAD FAITH

59. Dr. Prpa re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

60. Wisconsin recognizes a common-law tort of bad faith by an insurer in handling claims. *See Anderson v. Continental Ins. Co.*, 85 Wis. 2d 675, 271 N.W.2d 368 (1978). An insurer is liable for bad faith when the insurer lacked a reasonable basis for its claims-handling decision, and the insurer knew or recklessly disregarded the lack of a reasonable basis for its decision. To the extent supported by the particular patient's situation and the nature of that patient's insurance plan, Dr. Prpa asserts this claim through assignments of benefits, where appropriate and applicable.

61. Defendant accepted and retained the benefits of Dr. Prpa's services without providing just compensation to Dr. Prpa, and rejected payment of these claims, and has otherwise acted in bad faith through its appeal process and the IDR process.

62. Additionally, in violation of Wis. Admin. Code § Ins 6.11(3), Anthem committed several unfair claims settlement practices, including:

a. § 6.11(3)(a)4: Failure to attempt in good faith to effectuate fair and equitable settlement of claims in which liability has become reasonably clear;

b. § 6.11(3)(a)10: Compelling insureds and claimants to institute suits to recover amounts due under policies by offering substantially less than the amounts ultimately recovered;

c. § 6.11(3)(a)13: Adopting a policy of appealing from arbitration awards in favor of insureds or claimants for the purpose of compelling them to accept lesser amounts – directly applicable to Anthem refusal to honor IDR processes and determinations; and

d. § 6.11(3)(b)1: Knowingly misrepresenting pertinent facts or policy provisions relating to coverages (issuing prior authorizations with no intention of honoring them).

63. Dr. Prpa suffered damages as a result of Defendant's actions in the amount of at least $2,982,691, in addition to attorneys' fees and the cost of bringing this suit, and interest on the amounts outstanding.

**SEVENTH CAUSE OF ACTION: ATTORNEYS' FEES FOR BAD FAITH**

64. Dr. Prpa re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

65. Attorneys' fees incurred in prosecuting a bad-faith claim are recoverable as an item of compensatory damages caused by the insurer's tortious conduct. *See Stewart v. Farmers Ins. Grp.*, 321 Wis. 2d 391, 773 N.W.2d 513 (Ct. App. 2009). In a bad faith action, attorneys' fees do not remain attorney fees, but instead become an element of the damages resulting from the tort of bad faith. *Id.* Reasonable litigation expenses incurred in successfully prosecuting a bad faith claim are recoverable compensatory damages. *See Allied Processors, Inc. v. W. Nat'l Mut. Ins. Co.*, 246 Wis. 2d 579, 629 N.W.2d 329 (Ct. App. 2001).

66. Through the process of prosecuting this action, Dr. Prpa has incurred, and will incur, substantial attorneys' fees, costs, and other expenses, constituting compensatory damages he is entitled to recover from Anthem.

**EIGHTH CAUSE OF ACTION: PUNITIVE DAMAGES FOR BAD FAITH**

67. Dr. Prpa re-alleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

68. Punitive damages are available in Wisconsin bad faith tort actions if the insurer "acted maliciously toward the plaintiff or in an intentional disregard of the rights of the plaintiff." Wis. Stat. § 895.043; *Strenke v. Hogner*, 279 Wis. 2d 52, 694 N.W.2d 296 (2005).

69. Anthem's pattern of denying payment for preauthorized claims, combined with its flagrant use of a process designed to frustrate reimbursement of claims is an "intentional disregard" of the rights of Anthem's members and the providers serving their needs. Each instance of denial, refusal, and obfuscation after prior authorization strengthens the pattern of evidence that supports an award of punitive damages, up to twice the amount of compensatory damages awarded. Wis. Stat. § 895.043(6).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendant for payment in the amounts of all remaining underpayments of at least $2,982,691, pre- and post-judgment interest, costs of court, reasonable and necessary attorneys' fees incurred, punitive and exemplary damages as applicable, and such other and further relief of which the Court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL BY 12 PERSONS.**

Dated: June 17, 2026

**HUSCH BLACKWELL LLP**
*Attorneys for Plaintiff*

By: *Electronically signed by Patrick M. Harvey*
Patrick M. Harvey
State Bar No. 1059695
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Telephone: (414) 273-2100
Facsimile: (414) 223-5000
patrick.harvey@huschblackwell.com

**Dr. Prpa's Anthem - BCBS Claims**

**Exhibit A**

| Patient ID | Physician Claim Number(s) | PA Claim Number(s) | Date of Service | Total Billed Charges | Total Paid | Total Outstanding |
|---|---|---|---|---|---|---|
| [redacted] | | | 3/30/2026 | $110,557 | $0 | $110,557 |
| | | | 3/20/2026 | $113,642 | $2,312 | $111,330 |
| | | | 1/23/2026 | $131,121 | $7,461 | $123,660 |
| | | | 11/17/2025 | $143,984 | $2,884 | $141,100 |
| | | | 8/22/2025 | $107,462 | $4,714 | $102,749 |
| | | | 7/31/2025 | $192,914 | $3,256 | $189,659 |
| | | | 4/7/2025 | $39,323 | $1,345 | $37,978 |
| | | | 6/17/2024 | $138,823 | $7,403 | $131,421 |
| | | | 5/10/2024 | $302,410 | $7,618 | $294,792 |
| | | | 12/1/2023 | $43,974 | $0 | $43,974 |
| | | | 10/27/2023 | $398,479 | $18,299 | $380,180 |
| | | | 8/31/2023 | $59,609 | $6,408 | $53,201 |
| | | | 7/24/2023 | $211,361 | $5,046 | $206,315 |
| | | | 2/9/2023 | $123,657 | $279 | $123,378 |
| | | | 12/17/2022 | $119,669 | $2,044 | $117,626 |
| | | | 12/16/2022 | $148,123 | $2,791 | $145,332 |
| | | | 7/15/2022 | $168,514 | $0 | $168,514 |
| | | | 6/13/2022 | $38,974 | $0 | $38,974 |
| | | | 3/15/2021 | $106,997 | $1,795 | $105,202 |
| | | | 6/29/2020 | $81,540 | $0 | $81,540 |
| | | | 6/19/2020 | $143,019 | $0 | $143,019 |
| | | | 6/1/2020 | $132,191 | $0 | $132,191 |
| | | | | | | |
| | | | | **$3,056,344** | **$73,653** | **$2,982,691** |

**EXHIBIT**

**1**

FILED
06-18-2026
Clerk of Circuit Court
Racine County
2026CV000882

| | |
|---|---|
| Enter the name of the county in which this case is filed. | **STATE OF WISCONSIN, CIRCUIT COURT, RACINE COUNTY** |
| Enter the Petitioner/ Plaintiff's full name. | **Petitioner/Plaintiff**: BRANKO PRPA MD LLC (First name / Middle name / Last name) |
| Enter the Respondent/ Defendant's full name. | **Respondent/Defendant**: BLUE CROSS BLUE SHIELD OF WISCONSIN, et al. (First name / Middle name / Last name) |
| Enter the case number. | |

# Confidential Disclosure of Information to be Sealed or Redacted

Case No. 26-CV-882

TEMPORARILY SEALED

This form is used with GF-246A when requesting that the court seal or redact information from the court records. If the court grants the motion to seal or redact, this form will be sealed.

Use GF-241 to provide Social Security, driver license, financial accounts, and other protected numbers to the court.

This form is used for all case types.

Some information may not apply to your case. Be specific. For example, "Petitioner's home address: 1234 Main Street, Kenosha, WI 53140."

The information that I request to be ☒ sealed ☒ redacted is:

1. Protected Healthcare Information
2. 
3. 
4. 
5. 
6. 
7. 
8. 
9. 
10. 

☒ The document to be sealed is attached.

Upon request, the information on this form will be sealed until the court reviews the motion.

☐ I am filing this information under temporary seal until the court rules on this motion.

Sign and print your name and date the document.

▶ Électronically signed by Patrick M. Harvey
Signature

Patrick M. Harvey
Print or Type Name

Attorney for Plaintiff
Relationship to Case

6/17/2026
Date

**CONFIDENTIAL COURT RECORD**

FILED
06-18-2026
Clerk of Circuit Court
Racine County
2026CV000882

This form is available in Spanish. https://www.wicourts.gov/forms1/circuit/index.htm
Este formulario está disponible en español.

Enter the name of the county in which this case is filed.

**STATE OF WISCONSIN, CIRCUIT COURT, RACINE COUNTY**

Enter the Petitioner/Plaintiff's full name.

**Petitioner/Plaintiff:**

BRANKO PRPA MD LLC

First name Middle name Last name

**Respondent/Defendant:**

BLUE CROSS BLUE SHIELD OF WISCONSIN, et al.

Enter the Respondent/ Defendant's full name.

First name Middle name Last name

Enter the case number.

# Motion to Seal or Redact Information in the Court Record

Case No. 26-CV-882

This form is used for all case types. Some information may not apply to your case.

In #1, choose the information that you wish to have sealed.

Use GF-242A to request redaction of Social Security, driver license, financial accounts, and other protected numbers to the court.

☐ 1. I request that the following document(s) be sealed:

- ☐ The street and city address of:
  - ☐ Petitioner
  - ☐ Respondent
  - ☐ Other: ______
- ☐ The name of:
  - ☐ Petitioner
  - ☐ Respondent
  - ☐ Other: ______
- ☐ The court record text entered on [Date]: ______
- ☐ Other: ______
- ☐ The following documents:

| Name of Document | Date of Filing |
|---|---|
| | |
| | |
| | |
| | |

Some documents are confidential by law and do not require a motion to seal. See GF-244 for information about these documents.

In #2, describe the type of info you wish to have redacted. For example, "Petitioner's home address", date of the documents and exact location of the information. Note every place where the information appears. The court is not responsible for finding the information in other places.

**Do NOT put the actual information to be redacted on this form.** Use form GF-245 to provide the information to the court.

☒ 2. I request that the following type of information be **redacted** in the following documents:

| Location in the Court Record | | | |
|---|---|---|---|
| **Name of Document** | **Date of Filing** | **Information to be Redacted** | **Page and Line Number** |
| Exhibit 1 to the Plaintiff's Complaint | 6/17/2026 | Protected Healthcare Information | 1 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

3. I am filing form GF-245 to provide the sealed or redacted information to the court.

In #4, if the court needs to consider certain facts to decide this motion, you should include a declaration setting out the information. Most circuit court records are open to the public. The court will not seal or redact records without a legal basis for the decision. You must cite statutes and case law that support your request.

4. I am making this request based on the following law and facts:
Exhibit 1 contains potentially identifiable protected healthcare information.

| | |
|---|---|
| In #5, if you are not a party or the attorney for a party, describe your relationship to this case. | ☐ 5. I am not an attorney or a party to this case. I am interested because: |
| Sign and print your name and date the document. | |

▶ Electronically signed by Patrick M. Harvey
Signature

Patrick M. Harvey
Print or Type Name

Attorney for Plaintiff
Relationship to Case

6/17/2026
Date

DISTRIBUTION:
1. Court
2. Parties
3. Petitioner, if not a party

FILED
06-18-2026
Clerk of Circuit Court
Racine County
2026CV000882

PROPOSED

This form is available in Spanish. https://www.wicourts.gov/forms1/circuit/index.htm
Este formulario está disponible en español.

| | |
|---|---|
| Enter the name of the county in which this case is filed. | **STATE OF WISCONSIN, CIRCUIT COURT, RACINE COUNTY** |
| Enter the Petitioner/ Plaintiff's full name. | **Petitioner/Plaintiff**: BRANKO PRPA MD LLC (First name / Middle name / Last name) |
| Enter the Respondent/ Defendant's full name. | **Respondent/Defendant**: BLUE CROSS BLUE SHIELD OF WISCONSIN (First name / Middle name / Last name) |
| Enter the case number. | Case No. 26-CV-882 |

**Order on Motion to Seal or Redact Information in the Court Record**

A motion to seal or redact a court record or transcript has been filed with the court.

**THE COURT ORDERS:**

The motion to

☒ 1. **seal** the requested information is **granted** for the reasons set forth in this motion. The clerk shall seal the following information:
Exhibit 1 to the Plaintiff's Complaint

Access to view the information:
☐ Petitioner/Plaintiff ☐ Respondent/Defendant ☐ Social Worker ☐ Guardian
☐ Attorney ☐ Guardian ad Litem ☐ Probation
☐ Other: ______

☒ 2. **redact** the requested information is granted for the reasons set forth in this motion. The clerk shall redact the following information:
Exhibit 1 to the Plaintiff's Complaint

Access to view the information:
☐ Petitioner/Plaintiff ☐ Respondent/Defendant ☐ Social Worker ☐ Guardian
☐ Attorney ☐ Guardian ad Litem ☐ Probation
☐ Other: ______

☐ The clerk shall perform the redaction as identified in this motion for previously filed documents.
☐ The parties shall omit or redact this information from all documents subsequently filed.

☐ 3. seal or redact is **denied** because
☐ A. the request lacks a sufficient legal basis.
☐ B. the requester has not made a sufficient factual showing.
☐ C. Other: ______

☐ 4. Other: ______

DISTRIBUTION:
1. Court 2. Parties 3. Petitioner, if not a party

PROPOSED

| | | |
|---|---|---|
| **STATE OF WISCONSIN**<br>**RACINE COUNTY** | **CIRCUIT COURT** | *For Official Use:* |

BRANKO PRPA MD LLC,

Plaintiff,

v.

BLUE CROSS BLUE SHIELD OF WISCONSIN, *et al.*

Case No. 2026-CV-000882

Defendants.

Case Codes: 30301, 30303, 30106

**PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO BLUE CROSS BLUE SHIELD OF WISCONSIN AND ANTHEM INSURANCE COMPANIES, INC.**

TO:

| | |
|---|---|
| Blue Cross Blue Shield of Wisconsin<br>N17 W24222 Riverwood Drive, Suite 300<br>Waukesha, WI 53188 | Anthem Insurance Companies, Inc.<br>220 Virginia Avenue<br>Indianapolis, IN 46204 |

Pursuant to Wis. Stat. §§ 804.08 and 804.09, Plaintiff, Branko Prpa MD LLC, hereby propounds the following First Set of Interrogatories and Requests for Production of Documents to Defendants, Blue Cross Blue Shield of Wisconsin and Anthem Insurance Companies, Inc. (collectively, "Anthem" or "Defendants"). Defendants are required to respond to each Interrogatory fully, in writing, and under oath, and to produce all responsive documents, within 30 days of service.

## DEFINITIONS

1. "You," "Your," "Defendants," "BCBS," and "Anthem" mean Blue Cross Blue Shield of Wisconsin and Anthem Insurance Companies, Inc., including all entities doing business as Anthem BCBS of Wisconsin, Anthem Blue Cross and Blue Shield, CompCare Health Services Insurance Corporation, and Wisconsin Collaborative Insurance Company, together with their present and former officers, employees, agents, representatives, affiliates, parents, subsidiaries, predecessors, successors, and any person acting on their behalf.

2. "Plaintiff" and "Dr. Prpa" mean Branko Prpa MD LLC and Dr. Branko Prpa, M.D.

3. "Claims at Issue" and "the Claims" mean the claims for payment identified in the Complaint filed under seal (and its Exhibits), including the procedures referenced in the Complaint, for which Plaintiff seeks recovery in this action.

4. "Member" and "Patient" mean any individual who received services from Plaintiff that are among the Claims at Issue and who was enrolled in a Plan administered or insured by You.

5. "Plan" means any health benefit plan, policy, insurance contract, or certificate of coverage under which a Member received or claimed benefits for any Claim at Issue.

6. "Prior Authorization" means any pre-service approval, precertification, certification, or authorization You issued relating to any service among the Claims at Issue.

7. "NSA" means the No Surprises Act and its implementing regulations.

8. "IDR" means the federal independent dispute resolution process established under the NSA. "IDR Determination" means a payment determination issued through that process, and "Certified IDR Entity" means an entity certified to conduct that process.

9. "EOB" and "Remittance" mean any explanation of benefits, provider remittance advice, RA, PRA, or payment record You generated relating to a Claim at Issue.

10. "Communication" means any transmission of information, whether oral, written, or electronic.

11. "Document" has the broadest meaning permitted by Wis. Stat. § 804.09(1) and includes electronically stored information and all drafts and non-identical copies.

12. "Person" means any natural person or any business or legal entity.

13. "Identify" means: for a person, to state the person's name, last known address, telephone number, and employer and title; for a document, to state its type, date, author, recipients, subject matter, and current custodian; and for a communication, to state its type, date, participants, and substance.

14. "Relating to," "concerning," "regarding," and "reflecting" mean having any logical or factual connection to the stated subject.

15. "Relevant Time Period" means January 1, 2020 through the present, unless a particular request specifies otherwise.

**INSTRUCTIONS**

1. Answer each Interrogatory separately and fully, in writing and under oath, in accordance with Wis. Stat. § 804.08(2).

2. These Interrogatories and Requests are continuing. You must supplement Your answers pursuant to Wis. Stat. § 804.01(5) if You learn that a response is incomplete or incorrect.

3. Construe each Interrogatory and Request broadly. The terms "and" and "or" are both conjunctive and disjunctive, the singular includes the plural, and verb tenses include past, present, and future, as necessary to bring within the scope of the Interrogatory any response that might otherwise fall outside it.

4. If You object to any part of an Interrogatory, answer the remaining parts.

5. If You withhold any responsive information or document on a claim of privilege or protection, provide a privilege log that states the basis for the claim and information sufficient to allow Plaintiff to assess it, in accordance with Wis. Stat. § 804.01(2)(e).

6. If You cannot answer an Interrogatory fully, answer it to the extent possible, state why You cannot answer it fully, describe the efforts You made to obtain the information, and identify each person who has the information.

7. If You answer any Interrogatory by reference to business records pursuant to Wis. Stat. § 804.08(5), specify the records that contain the answer in sufficient detail to permit Plaintiff to locate and identify them as readily as You could.

8. The Relevant Time Period applies to each Interrogatory and Request unless a particular Interrogatory or Request states otherwise.

9. Produce each requested document in accordance with Wis. Stat. § 804.09 within thirty (30) days of service.

10. Produce documents as they are kept in the usual course of business, or organize and label them to correspond to the categories in these Requests, in accordance with Wis. Stat. § 804.09(2)(e)1.

11. Produce electronically stored information in its native format with all associated metadata, or in another form the parties agree upon, in accordance with Wis. Stat. § 804.09(2)(e).

12. If no document responsive to a Request exists, state so in writing. If responsive documents once existed but no longer exist or are no longer in Your possession, custody, or control, identify them, state what became of them, and identify their current custodian.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each person who participated in, supervised, or held decision-making authority over the adjudication, pricing, repricing, payment, or denial of any Claim at Issue, and for each person state the job title, employer, dates of involvement, and the Claims that person handled.

**INTERROGATORY NO. 2:**

Identify each person who has or may have knowledge of any fact relevant to the Claims at Issue, including for each person: their name, title, employer, and a description of the subject matter of their knowledge.

**INTERROGATORY NO. 3:**

Describe the corporate relationship among Blue Cross Blue Shield of Wisconsin, Anthem Insurance Companies, Inc., CompCare Health Services Insurance Corporation, Wisconsin Collaborative Insurance Company, and any other entity that participated in administering, insuring, pricing, repricing, or paying any Claim at Issue, including any third-party administrator, and state for each Claim at Issue: (a) which entity or entities bore the financial risk of payment; (b) which entity or entities issued the Prior Authorization; (c) which entity or entities adjudicated and paid or denied the claim; and (d) whether any entity acted solely as administrator, solely as insurer, or in both capacities.

**INTERROGATORY NO. 4:**

Identify each Claim at Issue that You contend is governed by ERISA, and for each such Claim state every fact supporting that contention, including whether the governing Plan was fully insured by You or an affiliate, self-funded by a plan sponsor with You acting as administrator, a governmental plan, a church plan, or another arrangement, and identify the plan sponsor, the source

of the funds used to pay the Claim, and the existence and identity of any stop-loss or reinsurance coverage.

**INTERROGATORY NO. 5:**

For each Claim at Issue, state whether Plaintiff requested Prior Authorization, whether You issued Prior Authorization, the authorization number, the date issued, the procedure codes authorized, and the name and title of the person who approved it.

**INTERROGATORY NO. 6:**

Describe Your policies, procedures, and practices, in effect during the Relevant Time Period, for issuing Prior Authorization for out-of-network services, including what You communicate to providers and Members about the effect of a Prior Authorization on coverage and payment obligations.

**INTERROGATORY NO. 7:**

For each Claim at Issue, state the date You received the claim, the billed charge, the allowed amount, the amount paid, the date of each payment, the Member cost-share applied, and Your reason for not paying it or for paying less than the billed charge.

**INTERROGATORY NO. 8:**

Identify and describe in detail Your complete process for adjudicating out-of-network claims, from the date of receipt through final payment or denial, including each department, individual, or committee involved and the criteria applied at each stage.

**INTERROGATORY NO. 9:**

For each Claim at Issue, describe the methodology You used to determine the allowed amount and the amount paid, including any fee schedule, percentage of a Medicare rate, usual-


Case 2:26-cv-01270-JPS Filed 07/20/26 Page 37 of 48 Document 1-1

customary-and-reasonable determination, qualifying payment amount calculation, or benchmarking database applied, and identify the data inputs You used.

**INTERROGATORY NO. 10:**

Identify each third-party vendor, database, or software tool You used to price, reprice, or recommend a payment amount for any Claim at Issue, including FAIR Health, MultiPlan, Viant, Data iSight, or any other repricing vendor or database, and describe the role each played and the contractual or fee arrangement governing that relationship.

**INTERROGATORY NO. 11:**

State whether You or any affiliate received, or was eligible to receive, any fee, commission, or shared-savings amount calculated by reference to the difference between Plaintiff's billed charges and the amount paid on any Claim at Issue, and describe how You calculated any such amount.

**INTERROGATORY NO. 12:**

For each Claim at Issue, state whether any NSA or IDR process was initiated and, if so: (a) the date any written notice of dispute was submitted; (b) the identity of any Certified IDR Entity selected or used; (c) the outcome of any IDR proceeding, including the amount of any IDR Determination and the date of such determination; and (d) the date and amount of each payment You made in response to any IDR Determination. If no IDR process was initiated for a particular Claim at Issue, state so.

**INTERROGATORY NO. 13:**

Describe any flag, edit, hold, block, or special-handling protocol You applied to claims submitted by Plaintiff or Dr. Prpa during the Relevant Time Period, and identify who established it, when it was established, and when it was applied to each Claim at Issue.


Case 2:26-cv-01270-JPS Filed 07/20/26 Page 38 of 48 Document 1-1

**INTERROGATORY NO. 14:**

For each Claim at Issue, state every reason You contend supported Your decision to pay less than the billed charge, and identify the persons and documents that You claim support each reason.

**INTERROGATORY NO. 15:**

Describe the training, written guidelines, and reference materials You provided to Your claims personnel, employees, or agents regarding the handling of out-of-network claims and the payment of claims for which You issued Prior Authorization.

**INTERROGATORY NO. 16:**

State every fact supporting Your affirmative defenses, including the identity of the persons and documents supporting those defenses.

**INTERROGATORY NO. 17:**

For each Claim at Issue, state whether You contend Plaintiff lacks a valid assignment of benefits, and if so, identify the anti-assignment provision You rely upon and the Plan in which it appears.

**INTERROGATORY NO. 18:**

Identify all Anthem or Blue Cross Blue Sheild of Wisconsin members who received services from Plaintiff or Dr. Prpa from January 1, 2019 to the present, including for each: the member ID number, date(s) of service, procedure(s) performed, the claim number(s) associated with those services, and the amount billed and amount paid for each such service.

**INTERROGATORY NO. 19:**

For each Claim at Issue, state: (a) the date You received written notice of the covered loss and the amount of loss, as contemplated by Wis. Stat. § 628.46(1); (b) the date of each payment

You made on the Claim; (c) whether You contend You had "reasonable proof" that You were not responsible for payment within the meaning of Wis. Stat. § 628.46(1) at any time after receiving written notice, and if so, state every fact You claim supports that contention and identify all persons and documents that You claim support it.

## REQUESTS FOR THE PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Please produce the complete claim file for each Claim at Issue, including all claim forms, EOBs, remittance advices, payment records, adjudication notes, and screen captures from Your claims systems, and identify the Bates-label range for the documents that You are producing in response to this Request.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce all documents showing, for each Claim at Issue, the billed charge, the allowed amount, the amount paid, the date of each payment, and the Member cost-share applied, and identify the Bates-label range for the documents that You are producing in response to this Request.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce documents sufficient to show all payments You made to Plaintiff during the Relevant Time Period, organized by Claim, and identify the Bates-label range for the documents that You are producing in response to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce all Prior Authorization requests, approvals, denials, and authorization numbers relating to the Claims at Issue, and identify the Bates-label range for the documents that You are producing in response to this Request.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce all policies, procedures, manuals, and guidelines governing Prior Authorization for out-of-network services in effect during the Relevant Time Period, and identify the Bates-label range for the documents that You are producing in response to this Request.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce all documents, including template and form language, describing what a Prior Authorization communicates to providers and Members about coverage and payment obligations, and identify the Bates-label range for the documents that You are producing in response to this Request.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce all documents reflecting Your position on whether issuing a Prior Authorization obligates You to pay for the authorized services, and identify the Bates-label range for the documents that You are producing in response to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce all documents describing the methodology used to determine the allowed amount and the amount paid for the Claims at Issue, and identify the Bates-label range for the documents that You are producing in response to this Request.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce all out-of-network reimbursement policies applicable to the Claims at Issue, and identify the Bates-label range for the documents that You are producing in response to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce all documents reflecting the use of any third-party vendor, database, or software (including FAIR Health, MultiPlan, Viant, Data iSight, or any other repricing vendor or database) to price or reprice any Claim at Issue, including the data inputs and outputs for each Claim, and identify the Bates-label range for the documents that You are producing in response to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce all documents reflecting any fee, commission, or shared-savings amount You or an affiliate received or could receive in connection with the pricing or reduction of any Claim at Issue, and identify the Bates-label range for the documents that You are producing in response to this Request.

**REQUEST FOR PRODUCTION NO. 12:**

Please produce all documents describing how You calculate the qualifying payment amount under the No Surprises Act for the services at issue, including the data set and methodology, and identify the Bates-label range for the documents that You are producing in response to this Request.

**REQUEST FOR PRODUCTION NO. 13:**

Please produce for each Claim at Issue, the Plan document, summary plan description, certificate of coverage, and administrative services agreement governing the Member's benefits, and identify the Bates-label range for the documents that You are producing in response to this Request.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce all documents reflecting whether each Plan is self-funded, fully insured, governmental, or a church plan, and the source of the funds used to pay each Claim, and identify the Bates-label range for the documents that You are producing in response to this Request.

**REQUEST FOR PRODUCTION NO. 15:**

Please produce all stop-loss or reinsurance policies applicable to any self-funded Plan at issue, and identify the Bates-label range for the documents that You are producing in response to this Request.

**REQUEST FOR PRODUCTION NO. 16:**

Please produce all anti-assignment provisions in the Plans applicable to the Claims at Issue, and identify the Bates-label range for the documents that You are producing in response to this Request.

**REQUEST FOR PRODUCTION NO. 17:**

Please produce all documents relating to any NSA or IDR proceeding involving the Claims at Issue, including any written notices of dispute, submissions, offers made by either party, Certified IDR Entity determinations, related correspondence, and payment records reflecting amounts paid in response to any IDR Determination, and identify the Bates-label range for the documents that You are producing in response to this Request.

**REQUEST FOR PRODUCTION NO. 18:**

Please produce all policies, procedures, and guidelines governing Your review and payment of IDR Determinations, and all internal communications concerning whether, when, or in what amount to pay any IDR Determination or any NSA-related payment obligation in

connection with the Claims at Issue, and identify the Bates-label range for the documents that You are producing in response to this Request.

**REQUEST FOR PRODUCTION NO. 19:**

Please produce all policies, procedures, manuals, and training materials governing the handling of out-of-network claims during the Relevant Time Period, and identify the Bates-label range for the documents that You are producing in response to this Request.

**REQUEST FOR PRODUCTION NO. 20:**

Please produce all documents reflecting any flag, edit, hold, block, or special-handling protocol applied to claims submitted by Plaintiff or Dr. Prpa, and identify the Bates-label range for the documents that You are producing in response to this Request.

**REQUEST FOR PRODUCTION NO. 21:**

Please produce all internal communications mentioning Plaintiff, Dr. Prpa, or his practice in connection with claim payment, pricing, denial, or utilization, and identify the Bates-label range for the documents that You are producing in response to this Request.

**REQUEST FOR PRODUCTION NO. 22:**

Please produce all documents reflecting performance metrics, productivity standards, incentive compensation, or bonus structures for the persons or units that adjudicated or priced the Claims at Issue, to the extent based in whole or in part on claim savings, denials, or reductions, and identify the Bates-label range for the documents that You are producing in response to this Request.

**REQUEST FOR PRODUCTION NO. 23:**

Please produce all audits, reviews, or analyses concerning Your handling of claims submitted by Plaintiff or Dr. Prpa, and identify the Bates-label range for the documents that You are producing in response to this Request.

**REQUEST FOR PRODUCTION NO. 24:**

Please produce all documents reflecting each reason You did not pay anything, or paid less than the billed charge, with respect to each Claim at Issue, and identify the Bates-label range for the documents that You are producing in response to this Request.

**REQUEST FOR PRODUCTION NO. 25:**

Please produce all complaints, grievances, and appeals submitted by Plaintiff or Dr. Prpa, and Your responses, and identify the Bates-label range for the documents that You are producing in response to this Request.

**REQUEST FOR PRODUCTION NO. 26:**

Please produce all correspondence and communications between You and Plaintiff or Dr. Prpa relating to the Claims at Issue, and identify the Bates-label range for the documents that You are producing in response to this Request.

**REQUEST FOR PRODUCTION NO. 27:**

Please produce for each Claim at Issue, documents sufficient to show the date You received written notice and proof of the claim and the date of each payment, and identify the Bates-label range for the documents that You are producing in response to this Request.

**REQUEST FOR PRODUCTION NO. 28:**

Please produce all documents supporting each affirmative defense asserted in Your Answer or other responsive pleadings, and identify the Bates-label range for the documents that You are producing in response to this Request.

**REQUEST FOR PRODUCTION NO. 29:**

Please produce all documents identifying each party You contend is a necessary or indispensable party to this action, and identify the Bates-label range for the documents that You are producing in response to this Request.

**REQUEST FOR PRODUCTION NO. 30:**

Please produce organizational charts sufficient to show the units and personnel responsible for adjudicating and pricing the Claims at Issue, and identify the Bates-label range for the documents that You are producing in response to this Request.

**REQUEST FOR PRODUCTION NO. 32:**

Please produce documents sufficient to identify Your document retention policies applicable to the categories of documents requested, and identify the Bates-label range for the documents that You are producing in response to this Request.

**REQUEST FOR PRODUCTION NO. 33:**

Please produce all insurance policies that may provide coverage for the claims asserted in this action, and identify the Bates-label range for the documents that You are producing in response to this Request.

**REQUEST FOR PRODUCTION NO. 34:**

Please produce all of Your policies, procedures, guidelines, manuals, protocols, or training materials relating to: (a) out-of-network claim processing and reimbursement; (b) the issuance and

effect of Prior Authorizations; (c) qualifying payment amount or usual-customary-and-reasonable calculation methodology; (d) compliance with the No Surprises Act; (e) the IDR process; and (f) unfair claims settlement practices under Wis. Admin. Code § Ins 6.11, in effect from January 1, 2020 through the present, and identify the Bates-label range for the documents that You are producing in response to this Request.

**REQUEST FOR PRODUCTION NO. 35:**

Please produce all documents relating to any training provided to Defendants' employees regarding out-of-network claims processing, Prior Authorization, the No Surprises Act, the IDR process, or Wisconsin insurance claims settlement obligations, from January 1, 2019 to the present, and identify the Bates-label range for the documents that You are producing in response to this Request.

**REQUEST FOR PRODUCTION NO. 36:**

Please produce all expert reports, analyses, or consulting work product relating to the reasonable value of the services performed by Dr. Prpa or the appropriate reimbursement rate for any Claim at Issue, and identify the Bates-label range for the documents that You are producing in response to this Request.

**REQUEST FOR PRODUCTION NO. 37:**

Please produce all documents and data relating to Your payment or reimbursement of claims for spinal surgery procedures submitted by out-of-network providers from January 1, 2019 to the present, including the amounts billed, amounts paid, and methodology used to determine the payment amount, and identify the Bates-label range for the documents that You are producing in response to this Request.

**REQUEST FOR PRODUCTION NO. 38:**

Please produce documents sufficient to show, for each Claim at Issue, the date You received written notice and proof of the claim and the amount of loss, the date of each payment You made, and any analysis, notation, determination, or internal assessment concerning whether You had "reasonable proof" that You were not responsible for payment within the meaning of Wis. Stat. § 628.46(1), and identify the Bates-label range for the documents that You are producing in response to this Request.

**REQUEST FOR PRODUCTION NO. 39:**

Please produce all documents relating to any Wisconsin Office of the Commissioner of Insurance complaint, audit, examination, market conduct inquiry, or regulatory proceeding involving Your claims settlement practices regarding out-of-network providers or out-of-network physicians during the Relevant Time Period, and all documents reflecting Your compliance programs, internal audits, or assessments relating to Wis. Admin. Code § Ins 6.11 (unfair claims settlement practices), and identify the Bates-label range for the documents that You are producing in response to this Request.

Dated this 18th day of June, 2026.

**HUSCH BLACKWELL LLP**
*Attorneys for Plaintiff*

By: *Electronically signed by Patrick M. Harvey*
Patrick M. Harvey
State Bar No. 1059695
511 North Broadway, Suite 1100
Milwaukee, WI 53202
Telephone: (414) 273-2100
Facsimile: (414) 223-5000
patrick.harvey@huschblackwell.com